PRICE, Judge.
Defendant Eugene Lee appeals the judgment of the district court overturning a ruling of the Bossier City Civil Service Board by which he was reinstated to the position of assistant fire chief.
There is no dispute as to the pertinent facts of the case. Eugene Lee had been an employee of the Bossier City Fire Department for over 20 years and was a regular and permanent member of the Civil Service system. Prior to May 20, 1982, Mr. Lee served as a district chief. On that date he received a promotion to the position of assistant fire chief and began the probationary working test period provided for by La.R.S. 33:2555. On June 29,1982, prior to completion of three months of the working test, defendant tendered his resignation frbm the department to be effective June 30, 1982. The resignation was rejected on the grounds that defendant would have to take his unused vacation time before resigning. Therefore, Lee began his vacation period on June 30, 1982.
On that same day, the plaintiff appointing authority terminated his working test period as assistant fire chief and placed him back in his previous position as district chief. On July 7th, defendant once again tendered his resignation which was then accepted.
Defendant appealed his removal from the position of assistant fire chief to the Bossier City Municipal Fire and Police Civil Service Board which requested that the city give reasons for the demotion. The city took the position that no reasons were required because defendant had not completed three months of his working test period. The board ultimately reinstated Lee to his former position as assistant fire chief on the grounds that the appointing authority had not acted in good faith and for cause in removing him therefrom.
The city appealed the board’s decision to the district court which overturned the board’s ruling. The trial judge found that since Lee submitted his resignation before completion of the required working test period and his confirmation in the new position, the appointing authority had the right to remove him from the test period on the ground that he was unwilling or unable to perform the duties of the position.
On this appeal, defendant contends that his resignation from the department prior to the end of the working test period was not good grounds for his demotion by the appointing authority and that the board’s action in reinstating him was proper under the circumstances. The plaintiff appointing authority maintains that it is not required to show grounds for the demotion of Lee during the first three months of the working test period, and alternatively that Lee’s voluntary resignation constituted such grounds.
La.R.S. 33:2555 provides, in pertinent part, as follows:
Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position.
The period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee who has served at least three but less than six months of his working test for any given position may be removed therefrom only with the prior *94 approval of the board, and only upon the grounds that (1) he is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed or (2) his habits and dependability do not merit his continuance therein. Any such employee may appear before the board and present his case before he is removed.
This statute clearly contemplates a working test period of at least six months and up to one year before confirmation of the employee to the appointed position. Lee failed to meet the working test requirements by tendering his resignation before the end of the test period. By voluntarily withdrawing from employment during the test period, he could not be confirmed in the new position of assistant fire chief because he had not served six months in that capacity.
We agree with the trial judge that when Lee voluntarily tendered his resignation, indicating that he would not complete the test period, the appointing authority had the right to remove him from the new position on the ground that he had indicated his inability or unwillingness to perform the duties of that position, as provided by the above-quoted statute. Inasmuch as a valid reason for Lee’s removal from the trial position did exist, it is unnecessary for us to address the alternative arguments advanced by the parties.
Having found that the decision of the board was in violation of the clear statutory provision regulating promotions in the classified service, we hold that the trial court’s reversal of the board’s decision was proper and correct. See La.R.S. 49:964(G).
For the foregoing reasons, the judgment appealed is affirmed. All costs of this appeal are assessed against defendant-appellant.
AFFIRMED.